**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.    19-CV-03200-NYW

NEDA SAMIMI-GOMEZ, individually and as personal representative of the Estate of
Kamyar Samimi;
NEGEEN SAMIMI; and
ANTHONY SAMIMI,
Plaintiffs,

v.

THE GEO GROUP, INC.; and
JEFFREY ELAM PETERSON, M.D.,
Defendants.

---

## ANSWER AND JURY DEMAND

---

Jeffrey Peterson, MD, by his attorneys, Christina S. Gunn, Esq., Craig A.

Sargent, Esq., and Jared R. Ellis, Esq., of Hall & Evans, L.L.C., hereby submits this

Answer and Jury Demand and in support states as follows:

Prior to filing this Answer, Dr. Peterson and undersigned counsel for Dr.

Peterson, have not had the opportunity to review and consider all of the relevant

medical records or other pertinent records in responding to this Complaint. Therefore,

Dr. Peterson states a general denial to any and all allegations in the Complaint that

refer to or that may contain information from the medical care, treatment provided to

Kamyar Samimi, or any other documents. Dr. Peterson reserves the right to amend the

responses contained in this Answer once he has had an adequate chance to review and

consider Kamyar Samimi's records and all documents. In addition, to the extent that the

allegations contained in the Complaint are inconsistent with the medical care, treatment

1

provided to Kamyar Samimi, or any other documents, or inconsistent with the actual events, Dr. Peterson denies those allegations. To the extent that information alleged in the Complaint is not contained in the medical records and is based on personal observations of the Plaintiff or others, then Dr. Peterson is without sufficient information to form a belief as to the truth and accuracy of those allegations and therefore denies the same.

## RESPONSE TO "INTRODUCTION"

1. Paragraph 1 of the Complaint is a purely prefatory statement containing legal conclusions and self-serving statements from Plaintiffs Neda Samimi-Gomez, individually and as personal representative of the Estate of Kamyar Samimi, Negeen Samimi; and Anthony Samimi, (collectively "Plaintiffs" herein), to which no response is required. To the extent any allegations in Paragraph 1 are deemed factual in nature, Dr. Peterson admits that Kamyar Samimi, ("Samimi" herein), was housed in the Aurora Contact Detention Facility ("ACDF" herein) beginning on or about November 17, 2017. Dr. Peterson admits that ACDF is operated by the GEO Group, Inc., ("GEO" herein). Dr. Peterson further admits that Samimi was detained at that facility until December 2, 2017 when he passed away at the age of 64. Dr. Peterson is without sufficient knowledge or information to admit or deny the remaining allegations and therefore denies those allegations.

2. Paragraph 2 of the Complaint is a purely prefatory statement containing legal conclusions and self-serving statements from Plaintiffs to which no response is required. To the extent any allegations in Paragraph 2 are deemed factual in nature, Dr. Peterson denies that Samimi's death resulted from the mistreatment of GEO medical

staff or that those staff were "clueless" in treating Samimi. Dr. Peterson is without sufficient information to know whether Samimi had been taking methadone for many years. Dr. Peterson denies he cut Samimi's methadone off cold turkey and denies that his actions were medically unjustifiable. Dr. Peterson denies that he failed to treat or to properly respond to Samimi's withdrawal symptoms.

3. Paragraph 3 of the Complaint is a purely prefatory statement containing legal conclusions and self-serving statements from Plaintiffs to which no response is required. To the extent any allegations in Paragraph 3 are deemed factual in nature, Dr. Peterson admits that he prescribed medications to treat Samimi's withdrawal symptoms. He is without sufficient knowledge or information to admit or deny Plaintiff's allegation that nurses failed to administer many of the prescribed medications and therefore denies that allegation. Dr. Peterson, based upon the information provided to him, denies that the nurses failed to properly monitoring Samimi's withdrawal. Dr. Peterson is without personal knowledge or information concerning Plaintiff's allegation that the nurses failed to call an ambulance as Samimi's condition became critical sufficient to admit or deny that allegation, therefore he denies that allegation. Dr. Peterson is without sufficient personal knowledge or information to admit or deny Plaintiff's allegation that the nurses had never received any training on opioid withdrawal, and therefore denies that allegation. Dr. Peterson states that he was not aware that the nurses lacked any training, including training on opioid withdrawal.

4. Paragraph 4 of the Complaint is a purely prefatory statement containing legal conclusions and self-serving statements from Plaintiffs to which no response is required. To the extent any allegations in Paragraph 4 are deemed factual in nature, Dr.

Peterson denies that Samimi's treatment was indicative of the general state of affairs with respect to medical treatment at ACDF. Dr. Peterson admits that GEO had vacancies in medical personnel for over six months. Dr. Peterson is without sufficient knowledge or information to admit or deny Plaintiff's allegation that officers complained to their lieutenant on a nightly basis about nurses' failure to respond to detainees' medical needs, and therefore denies that allegation. Dr. Peterson denies any further allegations in this paragraph.

5. Paragraph 5 of the Complaint is a purely prefatory statement containing legal conclusions and self-serving statements from Plaintiffs to which no response is required. To the extent any allegations in Paragraph 5 are deemed factual in nature, Dr. Peterson denies that he was hard to reach by phone when he was on-call. Dr. Peterson is without sufficient information to admit or deny Plaintiff's allegations that on the morning of Samimi's death he received and failed to return two calls. Dr. Peterson admits he was hanging Christmas lights that morning, but states that he was available by telephone.

6. Paragraph 6 of the Complaint is a prefatory statement reciting the claims for relief asserted by Plaintiffs to which no response is required. To the extent any allegations in Paragraph 6 are deemed factual in nature, Dr. Peterson states that Plaintiffs' Complaint speaks for itself but denies that Plaintiffs are entitled to relief on any of their claims against him.

## RESPONSE TO "JURISDICTION AND VENUE"

7.      In response to Paragraph 7 of the Complaint, Dr. Peterson admits the Court has jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331 and over pendent state law claims pursuant to 28 U.S.C. § 1367.

8.      In response to Paragraph 8 of the Complaint, Dr. Peterson does not contest the propriety of venue in this matter to the extent asserted in Paragraph 8.  To the extent the remaining allegations in Paragraph 8 are deemed factual, Dr. Peterson denies any events or omissions provides a basis for the claim against him.

## RESPONSE TO "PARTIES"

9.      In response to Paragraph 9 of the Complaint, on information and belief, Dr. Peterson admits Samimi resided in Colorado during the relevant time period.

10.      In response to Paragraph 10 of the Complaint, Dr. Peterson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and therefore he denies those allegations.

11.      In response to Paragraph 11 of the Complaint, Dr. Peterson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and therefore he denies those allegations.

12.      In response to Paragraph 12 of the Complaint, Dr. Peterson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore he denies those allegations.

13.      In response to Paragraph 13 of the Complaint, Dr. Peterson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and therefore denies those allegations.

14.     In response to Paragraph 14 of the Complaint, Dr. Peterson admits that he was and is a resident of the state of Colorado, that he served as the medical director of the ACDF facility during the relevant time period, that he was the only full-time physician at ACDF, and that he was employed by Correct Care Solutions, LLC.

### RESPONSE TO "CERTIFICATE OF REVIEW"

15.     In response to Paragraph 15 of the Complaint, Dr. Peterson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15, including sub-paragraphs (a) through (d), and therefore he denies those allegations.

### RESPONSE TO "FACTUAL ALLEGATIONS"

16.     In response to Paragraph 16 of the Complaint, Dr. Peterson states he is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and therefore he denies those allegations.

17.     In response to Paragraph 17 of the Complaint, Dr. Peterson states he is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and therefore he denies those allegations.

18.     In response to Paragraph 18 of the Complaint, Dr. Peterson states he is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore he denies those allegations.

19.     In response to Paragraph 19 of the Complaint, Dr. Peterson states that he is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19 and therefore he denies those allegations.

20.     In response to Paragraph 20 of the Complaint, Dr. Peterson states that to the extent the allegations in that paragraph are directed at him, he denies those

allegations.  To the extent those allegations are not directed at Dr. Peterson, he is without sufficient information to either admit or deny those allegations, and therefore denies those allegations of.

21.     In response to Paragraph 21 of the Complaint, Dr. Peterson admits that, upon information and belief, a Detainee Death Review was conducted following Samimi's death by the U.S. Department of Homeland Security's Office of Professional Responsibility, External Reviews and Analysis Unit and a Report was compiled following that Review (the "Report"). The Report is a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in, the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events.  To the extent any further response is required to the allegations in Paragraph 21, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

22.     Paragraphs 22-28 of the Complaint appear to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in, the Report.  Dr. Peterson also denies these allegations to the extent that are inconsistent with actual events.  To

the extent any further response is required to the allegations in Paragraphs 22-28, Dr.

Peterson lacks knowledge or information sufficient to admit or deny them, and on that

basis denies them.

23.     Paragraph 29 of the Complaint appears to be based upon selected

contents of the Report, a document compiled by persons other than Dr. Peterson, which

speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of

the Report's contents.  Dr. Peterson denies these allegations to the extent that they are

inconsistent with the Report and to the extent that they contain information not

contained in, or different from, the information contained in, the Report.  Dr. Peterson

also denies these allegations to the extent that they are inconsistent with actual events.

To the extent any further response is required to the allegations in Paragraph 29, Dr.

Peterson lacks knowledge or information sufficient to admit or deny them, and on that

basis denies them.

24.     Paragraphs 30-31 of the Complaint appear to be based upon selected

contents of the Report, a document compiled by persons other than Dr. Peterson, which

speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of

the Report's contents.  Dr. Peterson denies these allegations to the extent that they are

inconsistent with the Report and to the extent that they contain information not

contained in, or different from, the information contained in, the Report.  Dr. Peterson

also denies these allegations to the extent that they are inconsistent with actual events.

Dr. Peterson further states that he was unaware that GEO nurses were using the

Clinical Institute Withdrawal Instrument to monitor Samimi, and therefore is without

sufficient information to admit or deny the allegations contained in these paragraphs

and therefore denies those allegations.  To the extent any further response is required to the allegations in Paragraphs 30-31, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

25.	Paragraph 32-33 of the Complaint appear to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in, the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events.  To the extent any further response is required to the allegations in Paragraphs 32-33, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

26.	Paragraph 34 of the Complaint appears to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in, the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events.  Dr. Peterson denies that he discounted Samimi's symptoms or his medical situation, that he attributed Samimi's symptoms to him being a manipulative drug seeker, and further denies that he stated or suggested that Samimi was "faking" his condition.  Dr.

Peterson states that regardless of whether some of Samimi's behavior appeared to be manipulative, that did not affect Dr. Peterson's treatment.  To the extent any further response is required to the allegations in Paragraph 34, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

27.     In response to Paragraph 35 of the Complaint, Dr. Peterson denies he cut Samimi's methadone off cold turkey. Dr. Peterson admits that Samimi did not receive methadone or a substitute because the staff was unable to verify Samimi's claim that he had been receiving methadone treatment.  Dr. Peterson did prescribe Samimi with medications to treat withdrawal symptoms.  Dr. Peterson denies the remaining allegations contained in Paragraph 35 of the Complaint.

28.     Paragraph 36 of the Complaint appears to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events. Dr. Peterson was not present and did not personally witness Samimi's two alleged fainting spells and therefore cannot admit or deny whether the two alleged fainting spells were legitimate. Dr. Peterson also placed Samimi on suicide watch and would not have done so if he thought Samimi was not actually suicidal.  Dr. Peterson states that regardless of whether some of Samimi's behavior appeared to be manipulative, that did not affect Dr. Peterson's treatment. To the extent any further response is required to the

allegations in Paragraph 36, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

29.     Paragraph 37 of the Complaint appears to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events. To the extent any further response is required to the allegations in Paragraph 37, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

30.     In response to Paragraphs 38-39, Dr. Peterson denies that he issued an order that Mr. Samimi would not receive methadone or another substitute.  Dr. Peterson admits that it is GEO policy that all prescription medications that inmates were taking prior to incarceration must be verified before they will be continued. Dr. Peterson has no specific recollection of stating in an interview that the order was based on GEO policy. To the extent any further response is required to the allegations in Paragraphs 38-39, Dr. Peterson denies those allegations.

31.     In response to Paragraph 40 of the Complaint, Dr. Peterson has not had the opportunity to review Samimi's past medical history and therefore does not have sufficient information to admit or deny the allegation that Samimi suffered from Opioid Use Disorder prior to his incarceration, and therefore denies the same. Dr. Peterson

does not have sufficient information to know whether Opioid Use Disorder affects approximately 2.5 million Americans and therefore denies the same. To the extent any further response is required to the allegations in Paragraph 40, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

32.     Paragraphs 41 and 43 of the Complaint do not appear to be directed at Dr. Peterson or to require a response.  Dr. Peterson admits that Methadone is one of the FDA approved medications for treatment of OUD. Dr. Peterson admits that Methadone is a serious medication with potentially serious and fatal side effects and should only be prescribed with caution to certain patients, in certain circumstances, in certain doses, for certain durations, with close monitoring, and with potential psychosocial support and input from other individuals and medical and mental health care providers. Dr. Peterson does not have sufficient information and does not have the specific publications or resources referenced in paragraphs 41 and 43 to know whether the allegations or excerpts from those publications are complete, true, and accurate, and therefore denies those allegations to the extent they are inconsistent with the publications or resources identified. Dr. Peterson denies any further allegations contained in these paragraphs.

33.     Paragraph 42 of the Complaint does not appear to be directed at Dr. Peterson or to require a response.  Dr. Peterson denies that his care violated applicable professional medical standards. Dr. Peterson admits that cessation of Methadone can have various annoying side effects. Dr. Peterson admits that the initiation of Methadone or continuing Methadone in the wrong patient, in the wrong dose of, without proper

evaluation can have severe side effects including death. Dr. Peterson denies any further allegations contained in these paragraphs.

34.     In response to Paragraph 44 of the Complaint, Dr. Peterson admits that following Samimi's arrival at ACDF, on November 17, 2017, a nurse performed an initial medical screening of Samimi.

35.     Paragraphs 45-46 of the Complaint are based upon selected contents of the Report and/or medical or other records, which speak for themselves.  To the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the records or documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraphs 45-46, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

36.     In response to Paragraph 47 of the Complaint, Dr. Peterson admits that he was informed that Samimi claimed he had been taking methadone.  To the extent any further response is required to any remaining allegations in Paragraph 47, Dr. Peterson denies those allegations.

37.     Paragraph 48 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents

that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. Dr. Peterson specifically denies that he stated that Samimi's "methadone dosage could not be that high" and that he "incorrectly believed that 190 mg was a lethal dose of methadone for Mr. Samimi." Dr. Peterson admits that despite the staff repeatedly asking Samimi for verification of his claimed methadone use and treatment, the staff was never able to verify Samimi's claim that he was receiving methadone. To the extent any further response is required to the remaining allegations in Paragraph 48, Dr. Peterson denies those allegations.

38.     In response to Paragraph 49 of the Complaint Dr. Peterson denies he cut off Samimi's methadone. Dr. Peterson admits that Samimi did not receive methadone or a substitute because the staff was unable to verify Samimi's claim that he had been receiving methadone treatment. To the extent any further response is required to the remaining allegations in Paragraph 49, Dr. Peterson denies those allegations.

39.     In response to Paragraph 50 of the Complaint, Dr. Peterson admits that he issued a number of orders with respect to Samimi's care but denies that Paragraph 50 is a complete or accurate summary of all of the orders he issued. Dr. Peterson admits that his orders included an order for laboratory studies, an order prescribing several

medications to treat withdrawal symptoms, and an order that Samimi's vital signs be taken every eight hours.

40.     In response to Paragraph 51 of the Complaint, Dr. Peterson admits that he prescribed Samimi with Ativan (for anxiety and panic attacks) 1 mg. intramuscularly up to three times daily as needed for fifteen days, Clonidine (a hypertension medication that can relieve symptoms of nausea, vomiting, muscle tremors) 0.1 mg orally up to three times daily as needed for 15 days, Cyclobenzaprine (a muscle relaxant) 10 mg orally up to three times daily as needed for 15 days, Ibuprofen 800 mg orally up to three times daily as needed for 15 days, and Phenergan (for nausea) 25 mg orally up to three times daily as needed for 15 days.  To the extent any further response is required to the remaining allegations in Paragraph 50, Dr. Peterson denies those allegations.

41.     Paragraphs 52-55 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events.  To the extent any further response is required to the remaining allegations in Paragraphs 52-55, Dr. Peterson lacks

knowledge or information sufficient to admit or deny them, and on that basis denies them.

42.     Paragraph 56 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraph 56, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

43.     Paragraphs 57-86 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent

that they are based are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraphs 57-86, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

44.     Paragraph 87 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. Dr. Peterson denies that he considered discharging Samimi back to general population. To the extent any further response is required to the remaining allegations in Paragraphs 57-86, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

45.     Paragraphs 88-96 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information

17

to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events.  To the extent any further response is required to the remaining allegations in Paragraphs 88-96, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

46.     Paragraph 97 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events.  Dr. Peterson denies that he failed to provide Samimi with appropriate medication and denies that increased dosages of withdrawal medications were indicated under the circumstances.  To the extent any further response is required to the remaining allegations in Paragraph 97, Dr. Peterson denies those allegations.

47.     Paragraphs 98-123 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraphs 98-123, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

48.     Paragraph 124 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. Dr. Peterson denies that he did not

assess or speak with Samimi. Based on Dr. Peterson's assessment, Samimi was not in any acute distress. Dr. Peterson further admits that he placed Samimi on a level one suicide watch. To the extent any further response is required to the remaining allegations in Paragraph 124, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

49. Paragraphs 125-136 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraphs 125-136, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

50. Paragraph 137 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information

to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. Dr. Peterson was on call the night of December 1, 2017 and morning of December 2, 2017. Dr. Peterson denies that he was "aware of the situation" or "fully informed" regarding Samimi's condition on the morning of December 2, 2017. Dr. Peterson states that he was not informed of Samimi's condition until after Samimi had been transported to the emergency room on December 2, 2019. To the extent any further response is required to the remaining allegations in Paragraph 137, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

51. Responsive to Paragraph 138-147 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events. To the extent any further response is required to the remaining allegations in Paragraphs 138-

147, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

52.     Paragraph 148-149 of the Complaint appears to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events.  Dr. Peterson denies that his authorization was required to transport Samimi to the emergency room.  Anyone at ACDF, including nurses and officers, can call 911 to transport a critical patient to the emergency room.  Dr. Peterson denies receiving any telephone messages regarding Samimi on the morning of December 2, 2017. The first call Dr. Peterson received was a call informing him that Samimi had been transported to the emergency room. Dr. Peterson admits he was hanging Christmas lights that morning as it was a Saturday, and even though he was on call, he was not scheduled to be at ACDF.  To the extent any further response is required to the remaining allegations in Paragraphs 148, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

53.     Paragraph 150-171 of the Complaint appear to be based upon selected contents of the Report and/or medical or other records, which speak for themselves. Dr. Peterson has not yet had an adequate opportunity to review all of the documents that may provide a basis for these allegations and to the extent these documents were compiled by persons other than Dr. Peterson, Dr. Peterson lacks sufficient information to admit or deny the truth of their contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents on which they are based and to the extent that they contain information not contained in, or different from the information contained in those documents.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with the actual events.  To the extent any further response is required to the remaining allegations in Paragraphs 150-171, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

54.     Paragraph 172 of the Complaint appears to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself.  Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in the Report.  Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events. Dr. Peterson denies that he was difficult to reach when he was on call, denies that he would not be reached two out of every five times he was called, denies that his voicemail was not set up, denies that he returned missed calls only half of the time and

denies that he was never successfully reached at home. To the extent any further response is required to the remaining allegations in Paragraph 172, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

55. Paragraph 173 of the Complaint appears to be based upon selected contents of the Report, a document compiled by persons other than Dr. Peterson, which speaks for itself. Dr. Peterson lacks sufficient information to admit or deny the truth of the Report's contents. Dr. Peterson denies these allegations to the extent that they are inconsistent with the Report and to the extent that they contain information not contained in, or different from, the information contained in the Report. Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events. Dr. Peterson does not recall making the statements attributed to him in Paragraph 173. Dr. Peterson denies that he had any personal knowledge of information as to the events in the "last forty-eight hours" so he would not be in a position to determine whether he should have been called. Also, Dr. Peterson admits that RNs can call 911 just as any deputy, lieutenant, or other medical or security staff. To the extent any further response is required to the remaining allegations in Paragraph 173, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

## RESPONSE TO FIRST CLAIM FOR RELIEF
### (Violations of the Rehabilitation Act – 29 U.S.C. § 794)
*Against Defendant GEO*

56. In response to Paragraph 174 of the Complaint, Dr. Peterson incorporates his entire Answer and Jury Demand as though fully set forth herein.

57.     In response to Paragraphs 175-181 of the Complaint, Dr. Peterson states those Paragraphs do not appear to be directed at him, and many appear to state legal or factual conclusions that do not call for a response. To the extent any of the allegations contained in paragraphs 175 –181 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

58.     In response to Paragraph 182 of the Complaint, to the extent the allegations in that Paragraph are directed at Dr. Peterson, Dr. Peterson denies those allegations.  To the extent that Paragraph are directed at others, Dr. Peterson neither admits nor denies them.

59.     In response to Paragraphs 183 - 185 of the Complaint, Dr. Peterson states those Paragraphs do not appear to be directed at him, and many appear to state legal or factual conclusions that do not call for a response.  To the extent any of the allegations contained in paragraphs 183-185 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

60.     In response to Paragraph 186 of the Complaint, Dr. Peterson states that to the extent the allegations in this paragraph are directed towards him, Dr. Peterson denies those allegations. Any remaining allegations appear to be based upon selected contents of the Report or other documents and medical records compiled by persons other than Dr. Peterson, which speaks for themselves.  Dr. Peterson lacks sufficient information to admit or deny the truth of the content of those documents.  Dr. Peterson denies these allegations to the extent that they are inconsistent with the documents and

to the extent that they contain information not contained in, or different from, the information contained in the documents. Dr. Peterson also denies these allegations to the extent that they are inconsistent with actual events. To the extent any further response is required to the remaining allegations in Paragraph 186, Dr. Peterson lacks knowledge or information sufficient to admit or deny them, and on that basis denies them.

61.     In response to Paragraphs 187 - 191 of the Complaint, Dr. Peterson states those Paragraphs do not appear to be directed at him, and many appear to state legal or factual conclusions that do not call for a response. To the extent any of the allegations contained in paragraphs 187-191 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

## RESPONSE TO SECOND CLAIM FOR RELIEF
### (Negligent Hiring, Supervision, and Training)
*Against Defendant GEO*

62.     In response to Paragraph 192 of the Complaint, Dr. Peterson incorporates his entire Answer and Jury Demand as though fully set forth herein.

63.     In response to Paragraphs 193-205 of the Complaint, Dr. Peterson states that those Paragraphs do not appear to be directed at him and that many appear to express legal conclusions that do not call for a response. To the extent any of the allegations contained in paragraphs 193-205 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

64.     In response to Paragraph 206 of the Complaint, Dr. Peterson states that Paragraph does not appear to be directed at him.  Dr. Peterson does not remember ever making the statement that nurses have "No real training--it's real world training and they are RN's" and therefore denies the allegation.

65.     In response to Paragraphs 207-210 of the Complaint, Dr. Peterson states that those Paragraphs do not appear to be directed at him and that many appear to express legal conclusions that do not call for a response.  To the extent any of the allegations contained in paragraphs 207-210 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

## RESPONSE TO THIRD CLAIM FOR RELIEF
### (Negligence)
*Against Defendant GEO*

66.     In response to Paragraph 211 of the Complaint, Dr. Peterson incorporates his entire Answer and Jury Demand as though fully set forth herein.

67.     In response to Paragraphs 212-222 of the Complaint, Dr. Peterson states that those Paragraphs do not appear to be directed at him and that many appear to express legal conclusions that do not call for a response.  To the extent any of the allegations contained in paragraphs 212-222 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

## RESPONSE TO FOURTH CLAIM FOR RELIEF
### (Reckless Disregard for Safety)
*Against Defendant GEO*

68.      In response to Paragraph 223 of the Complaint, Dr. Peterson incorporates his entire Answer and Jury Demand as though fully set forth herein.

69.      In response to Paragraphs 224-239 of the Complaint, Dr. Peterson states that those Paragraphs do not appear to be directed at him and that many appear to express legal conclusions that do not call for a response.  To the extent any of the allegations contained in paragraphs 224-239 are deemed to be directed to Dr. Peterson or require a response from Dr. Peterson, Dr. Peterson denies the allegations contained therein and reserves the right to supplement this response.

## RESPONSE TO FIFTH CLAIM FOR RELIEF
### (Medical Malpractice)
*Against Defendant Dr. Peterson*

70.      In response to Paragraph 240, Dr. Peterson states that his duty as a physician is defined by Colorado law and by standards of practice in the medical community.  To the extent that the allegations in paragraph 240 are inconsistent with such law and standards, Dr. Peterson denies such allegations.

71.      In response to Paragraph 241, Dr. Peterson states that his duty as a physician is defined by Colorado law and by standards of practice in the medical community.  To the extent that the allegations in paragraph 241 are inconsistent with such law and standards, Dr. Peterson denies such allegations.

72.      Dr. Peterson denies the allegations contained in Paragraph 242.

73.      Dr. Peterson denies the allegations contained in Paragraph 243.

74.      Dr. Peterson denies the allegations contained in Paragraph 244.

75.     Dr. Peterson denies the allegations contained in Paragraph 245.

76.     Dr. Peterson denies the allegations contained in Paragraph 246.

77.     Dr. Peterson denies the allegations contained in Paragraph 247.

78.     In response to Paragraph 248 of the Complaint, Dr. Peterson denies the Plaintiffs suffered any damages due to his alleged negligence. Dr. Peterson further states that he is without sufficient information to form a belief as to the truth and accuracy of Plaintiffs' allegations regarding their claimed damages and therefore denies the nature and extent of Plaintiff's claimed injuries, damages, and losses.

### RESPONSE TO SIXTH CLAIM FOR RELIEF
**(Wrongful Death)**
*Against All Defendants*

79.     In response to Paragraph 249 of the Complaint, Dr. Peterson incorporates his entire Answer and Jury Demand as though fully set forth herein.

80.     In response to Paragraph 250 of the Complaint, to the extent the allegations in paragraph 250 are directed towards Dr. Peterson, Dr. Peterson denies that he was negligent or that Samimi's death was caused by his negligence. To the extent the allegations contained in Paragraph 250 are directed at others, Dr. Peterson neither admits nor denies them.

81.     In response to Paragraph 251 of the Complaint, Dr. Peterson denies the Plaintiffs suffered any damages due to his alleged negligence. Dr. Peterson further states that he is without sufficient information to form a belief as to the truth and accuracy of Plaintiffs' allegations regarding their claimed damages and therefore denies the nature and extent of Plaintiff's claimed injuries, damages, and losses.

## RESPONSE TO PRAYER FOR RELIEF

1.      In response to Plaintiff's Prayer for Relief, Dr. Peterson denies that he was negligent or that Plaintiffs suffered any damages due to his alleged negligence. Dr. Peterson further states that he is without sufficient information to form a belief as to the truth and accuracy of Plaintiffs' allegations regarding their claimed damages and therefore denies the nature and extent of Plaintiff's claimed injuries, damages, and losses.

## AFFIRMATIVE DEFENSES

1.      Dr. Peterson denies each and every allegation not specifically admitted herein. Dr. Peterson specifically denies each and every allegation alleging he was negligent, that any negligent conduct on his part caused or contributed to Plaintiff's alleged injuries, and further denies the nature and extent of Plaintiff's alleged injuries.

2.      Plaintiffs' Complaint fails to state a claim or claims against Dr. Peterson upon which relief may be granted.

3.      Plaintiffs may not be the real parties-in-interest to some or all of the claims set forth in Plaintiffs' Complaint.

4.      Plaintiffs' noneconomic damages, if any, are subject to the limitations set forth in C.R.S. § 13-21-201 through C.R.S. § 13-21-203.7 and/or C.R.S. § 13-64-301 through C.R.S. § 13-21-304.

5.      The injuries and damages, if any, claimed by Plaintiffs, in whole or in part, were proximately caused by the decedent, Kamyar Samimi's, own acts or omissions which are imputed to Plaintiffs' individual claims and to the claims of the Estate of Kamyar Samimi.

6. The injuries and damages, if any, claimed by Plaintiffs, in whole or in part, were proximately caused by the acts or omissions of third parties over whom the Dr. Peterson has no control or right of control.

7. Plaintiffs' injuries and damages, if any, are the result of the decedent, Kamyar Samimi's, failure to follow reasonable medical advice and instructions.

8. Samimi and/or Plaintiffs may have been comparatively negligent to a degree equaling or exceeding the alleged negligence or liability, if any, of Dr. Peterson, and/or may have assumed the risk of their injuries, which bars or reduces Plaintiffs' recovery pursuant to C.R.S. § 13-21-111, C.R.S. § 13-21-111.5, and C.R.S. § 13-21-111.7.

9. In the event that a verdict is returned in favor of the Plaintiffs, Dr. Peterson is entitled to a reduction of the damage award, if any, to the extent of any payments made to the Plaintiffs from a collateral source under the provisions of C.R.S. § 13-21-111.6, C.R.S. § 13-64-402, and otherwise as provided by law.

10. The provisions of C.R.S. § 13-21-111.5 limit Dr. Peterson's liability, if any.

11. Dr. Peterson hereby notifies Plaintiff that he reserves the right to designate non-parties pursuant to C.R.S. § 13-21-111.5(3)(b), and he hereby designates any settling or dismissed parties.

12. Dr. Peterson reserves the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-102, et seq.

13.     Plaintiffs' alleged damages are the sole and proximate result of an injury sustained or a condition existing prior to the incident complained of in Plaintiffs' Complaint.

14.     Dr. Peterson asserts any and all protections, limitations, and rights afforded under the Health Care Availability Act, C.R.S. § 13-64-101, et seq.

15.     Plaintiffs, or any one of them, may lack the appropriate standing to bring any one or more of the claims asserted against Dr. Peterson.

16.     Dr. Peterson asserts that Plaintiffs' damages, if any, are subject to the limitations imposed by C.R.S. § 13-21-203, pertaining to wrongful death claims.

17.     Plaintiffs' damages, if any, in whole or in part, may have been proximately caused by or the direct proximate result of unforeseeable intervening or superseding acts of third parties or conditions over which Dr. Peterson had neither the ability to control, the duty to control, nor the right to control.

18.     Plaintiffs and/or Samimi may have failed to mitigate their damages, if any, as required by law.

19.     Dr. Peterson reserves the right to amend his Answer to assert additional affirmative defenses as factual and legal issues are developed during discovery

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Dr. Peterson respectfully demands a trial by jury on all issues so triable.

Dated this 23rd day of December, 2019.

Respectfully submitted,


_/s/ Craig A. Sargent_____
Christina S. Gunn, Esq.
Craig A. Sargent, Esq.
Jared R. Ellis, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
gunnc@hallevans.com
sargentc@hallevans.com
ellisj@hallevans.com
(303) 628-3300 – phone
(303) 628-3368 – fax
*ATTORNEYS FOR DEFENDANT*
*JEFFREY PETERSON MD*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 23rd day of December, 2019 I electronically filed the foregoing **ANSWER AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paul G. Karlsgodt, Esq.
Marc D. Flink, Esq.
Matthew C. Baisley, Esq.
Michelle R. Gomez, Esq.
Sean B. Solis, Esq.
1801 California Street, Suite 4400
Denver, Colorado 80202
Email: pkarlsgodt@bakerlaw.com
mflink@bakerlaw.com
mbaisley@bakerlaw.com
mgomez@bakerlaw.com
ssolis@bakerlaw.com

*In cooperation with the ACLU Foundation of Colorado*
Mark Silverstein, Esq.
Sara R. Neel, Esq.
Arielle Herzberg, Esq.
ACLU Foundation of Colorado
303 East 17th Avenue, Suite 350
Denver, Colorado 80203
Email: msilverstein@aclu-co.org
sneel@aclu-co.org
aherzberg@aclu-co.org

s/ Laura Buckingham,

Legal Assistant at Hall & Evans, L.L.C.