IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 2019-cv-03200-SKC

NEDA SAMIMI-GOMEZ, individually and as personal representative of the Estate of
Kamyar Samimi,
NEGEEN SAMIMI, and
ANTHONY SAMIMI,

      Plaintiffs,

v.

THE GEO GROUP, INC., and
JEFFREY ELAM PETERSON, M.D.,

      Defendants.
_____

## ANSWER OF DEFENDANT THE GEO GROUP, INC.
_____

Defendant THE GEO GROUP, INC. ("GEO"), hereby submits its Answer to Plaintiff's

Complaint and Jury Demand (Doc. 5) (hereinafter "Complaint").  All allegations not

specifically admitted below are denied.

## INTRODUCTION

1.     With respect to the allegations contained in paragraph 1 of Plaintiffs'

Complaint, Defendant GEO admits that Kamyar Samimi (hereinafter "Samimi") reportedly

came to the United States in 1976 and was taken by Immigration and Customs

Enforcement (hereinafter "ICE") to the Aurora Contract Detention Facility (hereinafter

"ACDF"), which is operated by Defendant GEO pursuant to contracts, on November 17,

2017. Defendant GEO further admits that Samimi was pronounced dead at the Anschutz

Medical Campus on December 2, 2017. Defendant GEO is otherwise without knowledge

as to all remaining allegations contained in paragraph 1 and therefore denies the same.

2.    With respect to the allegations contained in paragraph 2 of Plaintiffs' Complaint, Defendant GEO admits that Samimi self-reported to ACDF staff that he had been on methadone at the time of his intake. Defendant GEO otherwise denies all remaining allegations or state that the same are asserted against Defendant Peterson and do not require a response from Defendant GEO. To the extent a response is deemed required to such allegations, Defendant GEO denies the same.

3.    Defendant GEO denies the allegations contained in paragraph 3 of Plaintiffs' Complaint or state that the same are asserted against Defendant Peterson and do not require a response from Defendant GEO. To the extent a response is deemed required to such allegations, Defendant GEO denies the same.

4.    Defendant GEO denies the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    Defendant GEO denies the allegations contained in paragraph 5 of Plaintiffs' Complaint or state that the same are asserted against Defendant Peterson and do not require a response from Defendant GEO. To the extent a response is deemed required to such allegations, Defendant GEO denies the same.

6.    Defendant GEO admits that Plaintiffs' Complaint asserts claims for negligence, medical malpractice, wrongful death, and violations of the Rehabilitation Act against Defendants but denies that Plaintiffs are entitled to relief under such theories.

## JURISDICTION AND VENUE

7.      With respect to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendant GEO admits that this Court has jurisdiction over this matter and otherwise denies all remaining allegations.

8.      With respect to the allegations contained in paragraph 8 of Plaintiffs' Complaint, Defendant GEO admits that venue is proper in the District of Colorado and otherwise denies all remaining allegations.

## PARTIES

9.      With respect to the allegations contained in paragraph 9, Defendant GEO admits that Samimi had been living in Colorado at the time of his arrest by ICE and subsequent death. Defendant GEO is otherwise without knowledge as to the allegations contained in paragraph 9 and therefore denies the same.

10.      Defendant GEO is without knowledge as to the allegations contained in paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.      Defendant GEO is without knowledge as to the allegations contained in paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.      Defendant GEO is without knowledge as to the allegations contained in paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.      With respect to the allegations contained in paragraph 13 of Plaintiffs' Complaint, Defendant GEO admits that it is a Florida corporation with the stated address and has a registered agent in Colorado at the stated address. Defendant GEO further

admits that it operates ACDF pursuant to a contract with ICE and that Samimi was housed

at ACDF between November 17, 2017, and December 2, 2017. Defendant GEO further

admits that at the relevant time it contracted with Correct Care Solutions, LLC (hereinafter

"CCS"), for services of a medical director at ACDF. Defendant GEO otherwise asserts that

the allegations contained in paragraph 13 contain legal conclusions, which do not require

a response. To the extent a response is required, Defendant GEO admits only to duties

imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies

acting inconsistently with such duties. Defendant GEO otherwise denies all remaining

allegations contained in paragraph 13.

14.    With respect to the allegations contained in paragraph 14 of Plaintiffs'

Complaint, Defendant GEO admits that Defendant Peterson was, at the relevant time

period, the medical director at ACDF. Defendant GEO otherwise states that the remaining

allegations are asserted against Defendant Peterson and do not require a response from

Defendant GEO. To the extent a response is deemed required to such allegations,

Defendant GEO denies the same.

## CERTIFICATE OF REVIEW

15.    Defendant GEO is without knowledge as to the allegations contained in

paragraph 15 of Plaintiffs' Complaint, including subparagraphs (a) through (d) and

therefore denies the same.

## FACTUAL ALLEGATIONS

16.    Upon information and belief, Defendant GEO admits the allegations

contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendant GEO is without knowledge as to the allegations contained in paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18.     With respect to the allegations contained in paragraph 18 of Plaintiffs' Complaint, Defendant GEO admits that Samimi was brought to ACDF by ICE on November 17, 2017. Upon information and belief, Defendant GEO further admits that the arrest appears to have taken place on November 17, 2017, and related to a controlled substance conviction, asserts that any ICE documents concerning Samimi's arrest and immigration status speak for themselves, and otherwise denies all remaining allegations contained in paragraph 18.

19.     Defendant GEO admits that Samimi self-reported to ACDF staff that he had been on methadone at the time of his intake and otherwise denies all remaining allegations contained in paragraph 19.

20.     Defendant GEO denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21-26.          With respect to the allegations contained in paragraphs 21 through 26 of Plaintiffs' Complaint, Defendant GEO admits that the External Reviews and Analysis Unit Detainee Death Review (hereinafter "ICE Review"). Defendant GEO is without knowledge as to all information considered by ICE and is unable to admit or deny the truth of the contents of the ICE Review as represented by the limited allegations in Plaintiffs' Complaint. Defendant GEO asserts that the ICE Review speaks for itself. Defendant GEO

otherwise denies the remaining allegations contained in paragraphs 21 through 26.

27.    With respect to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Defendant GEO asserts that the ICE Review speaks for itself and otherwise denies all remaining allegations contained in paragraph 27.

28.    With respect to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendant GEO admits that it does receive detainees experiencing opioid withdrawal. Defendant GEO otherwise denies all remaining allegations contained in paragraph 28.

29.    Defendant GEO denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.    With respect to the allegations contained in paragraph 30 of Plaintiffs' Complaint, Defendant GEO admits that medical staff did not use the Clinical Opiate Withdrawal Scale (hereinafter "COWS") in monitoring Samimi and did use the Clinical Institute Withdrawal Instrument (hereinafter "CIWA") which is often used to monitor alcohol withdrawal. Defendant GEO otherwise denies all remaining allegations contained in paragraph 30.

31.    With respect to the allegations contained in paragraph 31 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contained legal conclusions and/or expert opinions, which do not require a response from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations contained in paragraph 31.

32.     With respect to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Defendant GEO admits that a withdrawal assessment form in Samimi's medical records includes four entries. Defendant GEO otherwise denies all remaining allegations contained in paragraph 32.

33.     With respect to the allegations contained in paragraph 33 of Plaintiffs' Complaint, Defendant GEO asserts that the ICE Review speaks for itself and otherwise denies all remaining allegations contained in paragraph 33.

34.     With respect to the allegations contained in paragraph 34 of Plaintiffs' Complaint, Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations.

35.     With respect to the allegations contained in paragraph 35 of Plaintiffs' Complaint, Defendant GEO admits that Samimi was not given methadone. Defendant GEO asserts that the available records speak for themselves and denies all remaining allegations contained in paragraph 35.

36.     Defendant GEO is without knowledge as to the allegations contained in paragraph 36 of Plaintiffs' Complaint and therefore denies the same.

37.     Defendant GEO is without knowledge as to the allegations contained in paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38.     With respect to the allegations contained in paragraph 38 of Plaintiffs' Complaint, Defendant GEO admits that Samimi was not given methadone. Defendant GEO otherwise denies all remaining allegations contained in paragraph 38.

39.     Defendant GEO is without knowledge as to the allegations contained in paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

40.     Defendant GEO is without knowledge as to the allegations contained in paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

41.     With respect to the allegations contained in paragraph 41 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions and/or expert opinions, which do not require a response from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations contained in paragraph 41.

42.     With respect to the allegations contained in paragraph 42 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions and/or expert opinions, which do not require a response from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations contained in paragraph 42.

43.     Defendant GEO asserts that any position statements or statements attributed to the Substance Abuse and Mental Health Services Administration speak for themselves and take no position as to whether paragraph 43 of Plaintiffs' Complaint has accurately represented the same. Defendant GEO otherwise denies all remaining allegations contained in paragraph 43.

44.     Defendant GEO admits the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     With respect to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Defendant GEO admits that Samimi's Intake Screening form notes "methadone

190 mg 1 tab daily" and that he reported having "withdrawal symptoms" and current back pain. Defendant GEO asserts that the intake screening form speaks for itself and otherwise denies all remaining allegations contained in paragraph 45.

46.     With respect to the allegations contained in paragraph 46 of Plaintiffs' Complaint, Defendant GEO asserts that the Intake Screening form speaks for itself and otherwise denies the allegations.

47.     With respect to the allegations contained in paragraph 47 of Plaintiffs' Complaint, Defendant GEO admits that medical staff advised Defendant Peterson of Samimi's reported methadone use. Defendant GEO otherwise denies all remaining allegations contained in paragraph 47.

48.     With respect to the allegations contained in paragraph 48 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations either relate to Defendant Peterson or are allegations for which Defendant GEO lacks knowledge. To the extent a response is required to such allegations, Defendant GEO denies the same.

49.     With respect to the allegations contained in paragraph 49 of Plaintiffs' Complaint, Defendant GEO admits that methadone was not prescribed for Samimi. Defendant GEO otherwise denies all remaining allegations contained in paragraph 49.

50.     With respect to the allegations contained in paragraph 50 of Plaintiffs' Complaint, Defendant GEO admits that Defendant Peterson issued orders on November 17, 2017, with respect to Samimi, including labwork, various medications, housing in medical, and monitoring of vital signs. Defendant GEO asserts that the medical records

speak for themselves and otherwise denies all remaining allegations contained in paragraph 50.

51.     With respect to the allegations contained in paragraph 51 of Plaintiffs' Complaint, Defendant GEO admits that Plaintiff has accurately listed the medications and dosages prescribed by Defendant Peterson on November 17, 2017. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 51.

52.     With respect to the allegations contained in paragraph 52 of Plaintiffs' Complaint, Defendant GEO admits that a Medical Observation Nursing Progress Record dated November 17, 2017, with a noted time of 1030 includes a positive endorsement of vomiting with a note "2 hours ago." Defendant GEO further admits the record notes "I feel terrible" and "tremors to hands noted" and "gait unsteady at times." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 52.

53.     With respect to the allegations contained in paragraph 53 of Plaintiffs' Complaint, Defendant GEO admits that a Medical Observation Nursing Progress Record dated November 18, 2017, includes a note "methadone x 20 years." Defendant GEO further admits Progress Notes for November 18, 2017, includes a note "Det. complained withdrawal symptoms of methadone." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 53.

54.     With respect to the allegations contained in paragraph 54 of Plaintiffs' Complaint, Defendant GEO admits that the ICE Review noted that on November 19, 2017, "the Medical Officer noted at 10:40 a.m., that Samimi said he was in a lot of pain." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 54.

55.     Defendant GEO is without knowledge as to the allegations contained in paragraph 55 of Plaintiffs' Complaint and therefore denies the same.

56.     With respect to the allegations contained in paragraph 56 of Plaintiffs' Complaint, Defendant GEO admits that an entry in medical records dated November 20, 2017, at 0930 included positive endorsements for nausea/vomiting, tremors, anxiety, paroxysmal sweats, and headache. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 56.

57.     With respect to the allegations contained in paragraph 57 of Plaintiffs' Complaint, Defendant GEO admits that the allegations accurately summarize a portion of statements made by Samimi to a psychologist on November 20, 2017. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 57.

58.     With respect to the allegations contained in paragraph 58 of Plaintiffs' Complaint, Defendant GEO admits that the psychologist noted Samimi was in withdrawal. Defendant GEO asserts that the medical records speak for themselves and otherwise

denies all remaining allegations contained in paragraph 58.

59.     With respect to the allegations contained in paragraph 59 of Plaintiffs' Complaint, Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 59.

60.     With respect to the allegations contained in paragraph 60 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes dated November 21, 2017, at 1830 includes a note of "denies pain ... still having tremors, anxious behavior." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 60.

61.     With respect to the allegations contained in paragraph 61 of Plaintiffs' Complaint, Defendant GEO admits that a Medical Observation Nursing Progress Record dated November 22, 2017, includes a note "vomiting/nausea, withdrawal symptoms" as well as a note of "generalized pain." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 61.

62.     With respect to the allegations contained in paragraph 62 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes dated November 23, 2017, at 1115 and 130 include notes of "mild tremors noted to hands ... pain, generalized" and "Detainee complained pain and weakness" Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 62.

63.     With respect to the allegations contained in paragraph 63 of Plaintiffs'

Complaint, Defendant GEO admits that Samimi continued to report symptoms of withdrawal on November 24, 2017. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 63.

64.     With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant GEO admits that medical records from November 24, 2017, include notes that Samimi reported not having eaten.  Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 64.

65.     With respect to the allegations contained in paragraph 65 of Plaintiffs' Complaint, Defendant GEO admits that the ICE Review noted that on November 24, 2017, "the Medical Officer logged ... cried out for a nurse several times." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 65.

66.     With respect to the allegations contained in paragraph 66 of Plaintiffs' Complaint, Defendant GEO admits that the ICE Review noted that on November 24, 2017, "the Medical Officer logged ... cried out for a nurse several times." Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 66.

67.     With respect to the allegations contained in paragraph 67 of Plaintiffs' Complaint, Defendant GEO asserts that the available records, including housing logs, speak for themselves, and otherwise denies the allegations.

68. With respect to the allegations contained in paragraph 68 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 24, 2017, include a note that "Medical officer alerted nursing staff that she witness det. faint in cell." Defendant GEO asserts that the available records, including housing logs, speak for themselves, and otherwise denies all remaining allegations contained in paragraph 68.

69. With respect to the allegations contained in paragraph 69 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 24, 2017, include a note that "attempted to rouse det. verbal [and] physically [no] response." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 69.

70. With respect to the allegations contained in paragraph 70 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 24, 2017, include a note that "Applied sternal rub. Det. began to regain consciousness assisted det. to sitting position, det made eye-contact [and] said 'I haven't eaten in 4 days,' then lost consciousness again." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 70.

71. With respect to the allegations contained in paragraph 71 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 24, 2017, include a note that "Another nurse attempted sternal rub, det. came to again. Assisted onto bed in sitting position. Det. reports [nausea/vomiting] [and] unable to eat." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining

allegations contained in paragraph 71.

72.     With respect to the allegations contained in paragraph 72 of Plaintiffs' Complaint, Defendant GEO admits that vital signs for Samimi recorded on November 24, 2017, included a blood pressure of 128/83, pulse of 102, respiration of 18, temperature of 98.2, and 93% oxygen saturation. Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 72.

73.     With respect to the allegations contained in paragraph 73 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 24, 2017, include a note of "Dehydration, possible drug-seeking behavior" and "will give prescribed ativan [and] Phenergan, per MD orders" and "Educated det. on med actions [and] importance of consuming fluids [and] eating." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 73.

74.     With respect to the allegations contained in paragraph 74 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

75.     Defendant GEO denies the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     With respect to the allegations contained in paragraph 76 of Plaintiffs' Complaint, Defendant GEO admits that Medical Observation Nursing Progress Record Notes for November 24, 2017, include notes that "c/o nausea [and] vomiting" and "s/s withdrawal." Defendant GEO asserts that the medical records speak for themselves, and

otherwise denies all remaining allegations contained in paragraph 76.

77.     Defendant GEO admits the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     Defendant GEO admits the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79.     With respect to the allegations contained in paragraph 79 of Plaintiffs' Complaint, Defendant GEO admits that an entry in medical records dated November 25, 2017, at 1830 includes positive endorsements for nausea/vomiting, tremors, anxiety, and paroxysmal sweats. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 79.

80.     With respect to the allegations contained in paragraph 80 of Plaintiffs' Complaint, Defendant GEO admits that the ICE Review states that "prudent nursing practice called for" the nurse to contact Dr. Peterson. Defendant GEO asserts that the available records speak for themselves and otherwise denies all remaining allegations contained in paragraph 80.

81.     With respect to the allegations contained in paragraph 81 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

82.     Defendant GEO admits the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     With respect to the allegations contained in paragraph 83 of Plaintiffs'

Complaint, Defendant GEO admits that Medical Observation Nursing Progress Record Notes for November 26, 2017, include notes of "all over" concerning an endorsement for pain, a positive endorsement for slurred speech and a note of "det unsteady until encouraged to walk." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 83.

84.     With respect to the allegations contained in paragraph 84 of Plaintiffs' Complaint, Defendant GEO admits that an entry in medical records dated November 26, 2017, at 1840 includes positive endorsements for nausea/vomiting, tremors, anxiety, and paroxysmal sweats. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 84.

85.     With respect to the allegations contained in paragraph 85 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 26, 2017, include notes of "raised up on knees [and] fell over to buttocks. He did this because he is so weak." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 85.

86.     With respect to the allegations contained in paragraph 86 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

87.     With respect to the allegations contained in paragraph 87 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

88.     With respect to the allegations contained in paragraph 88 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

89.     With respect to the allegations contained in paragraph 89 of Plaintiffs' Complaint, Defendant GEO admits that the ICE review notes that, on November 27, 2017, "Samimi did not wake up to eat breakfast, did not eat lunch or dinner." Defendant GEO asserts that the available records speak for themselves and otherwise denies all remaining allegations contained in paragraph 89.

90.     With respect to the allegations contained in paragraph 90 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

91.     With respect to the allegations contained in paragraph 91 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

92.     With respect to the allegations contained in paragraph 92 of Plaintiffs' Complaint, Defendant GEO admits that Samimi continued to report symptoms of withdrawal on November 28, 2017. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 92.

93.     With respect to the allegations contained in paragraph 93 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 28, 2017, include notes of "Det. collapsed on floor on the way to speaking with MH." Defendant GEO asserts

that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 93.

94.     With respect to the allegations contained in paragraph 94 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 28, 2017, include notes of "Det. Reports he has not eaten in 8 days" and "Det reports needing stronger medicine to combat w/d." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 94.

95.     With respect to the allegations contained in paragraph 95 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 28, 2017, include notes of "Dehydration, nutritional needs not met" and "Educated on need for making effort to eat and drink ... no matter his actions, stronger med, unavailable." Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 95.

96.     With respect to the allegations contained in paragraph 96 of Plaintiffs' Complaint, Defendant GEO admits that the mental health professional observed Samimi on November 28, 2017. Defendant GEO asserts that the medical records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 96.

97.     With respect to the allegations contained in paragraph 97 of Plaintiffs' Complaint, Defendant GEO admits the mental health professional spoke with Dr. Peterson on November 28, 2017. Defendant GEO asserts that the available records speak for themselves, and otherwise denies the remaining allegations contained in paragraph 97.

98.     Defendant GEO admits the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.     With respect to the allegations contained in paragraph 99 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 28, 2017, include notes of "Medical officer called for 'All Response Team to Medical' ... Found detainee Samimi, Samyar sitting on his bed legs closed with a tight bedsheet around his neck and pulling strong both ends of the sheet with his arms." Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 99.

100.    Defendant GEO admits the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.    With respect to the allegations contained in paragraph 101 of Plaintiffs' Complaint, Defendant GEO admits that Samimi received a psychiatric evaluation on November 29, 2017. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 101.

102.    With respect to the allegations contained in paragraph 102 of Plaintiffs' Complaint, Defendant GEO admits that the psychiatrist entered orders concerning Samimi. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 102.

103.    With respect to the allegations contained in paragraph 103 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and

otherwise denies all remaining allegations.

104.    With respect to the allegations contained in paragraph 104 of Plaintiffs' Complaint, Defendant GEO admits that the medical records do not include a COWS assessment for Samimi. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 104.

105.    With respect to the allegations contained in paragraph 105 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

106.    With respect to the allegations contained in paragraph 106 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for November 30, 2017, include notes of "Det. had blood on nose, sleeve rt arm ... appears blood is from his nose ... also blood was in his mouth. Det. spit blood on floor." Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 106.

107.    With respect to the allegations contained in paragraph 107 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

108.    Defendant GEO admits the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.    With respect to the allegations contained in paragraph 109 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes from a telepsychiatrist visit for

November 30, 2017, include notes of "Pt states he is 'stressed' and depressed and 'I want to die and not be here because of my Methadone. I was on high doses x 28 years.'" Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 109.

110. With respect to the allegations contained in paragraph 110 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes from a telepsychiatrist visit for November 30, 2017, include opioid withdrawal and opioid use disorder under Assessment and note to continue Suicide Level II and the med protocol entered the previous day. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 110.

111. Defendant GEO denies the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112. With respect to the allegations contained in paragraph 112 of Plaintiffs' Complaint, Defendant GEO admits that Samimi continued to report symptoms of withdrawal from November 30 to December 1, 2017. Defendant GEO asserts that the medical records speak for themselves and otherwise denies all remaining allegations contained in paragraph 112.

113. With respect to the allegations contained in paragraph 113 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

114. With respect to the allegations contained in paragraph 114 of Plaintiffs'

Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

115.   With respect to the allegations contained in paragraph 115 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

116.   With respect to the allegations contained in paragraph 116 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

117.   With respect to the allegations contained in paragraph 117 of Plaintiffs' Complaint, Defendant GEO admits that Progress Notes for December 1, 2017, include a note that "Det. woke up talking to himself." Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 117.

118.   With respect to the allegations contained in paragraph 118 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

119.   With respect to the allegations contained in paragraph 119 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

120.   With respect to the allegations contained in paragraph 120 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and

otherwise denies the allegations.

121. With respect to the allegations contained in paragraph 121 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

122. With respect to the allegations contained in paragraph 122 of Plaintiffs' Complaint, Defendant GEO admits that Samimi fell out of the wheelchair when he was being brought for a telepsychiatry appointment and that he sustained a nosebleed and urinated. Defendant GEO asserts that the available records speak for themselves and otherwise denies all remaining allegations contained in paragraph 122.

123. With respect to the allegations contained in paragraph 123 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

124. With respect to the allegations contained in paragraph 124 of Plaintiffs' Complaint, Defendant GEO admits that records reference Defendant Peterson being present. Defendant GEO asserts that the available records speak for themselves and otherwise denies all remaining allegations contained in paragraph 124 or asserts that the same are directed to Defendant Peterson and do not require a response from Defendant GEO.

125. With respect to the allegations contained in paragraph 125 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies the allegations.

126.    With respect to the allegations contained in paragraph 126 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies the allegations.

127.    With respect to the allegations contained in paragraph 127 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies the allegations.

128.    With respect to the allegations contained in paragraph 128 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies all remaining allegations contained in paragraph 128.

129.    With respect to the allegations contained in paragraph 129 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies all remaining allegations contained in paragraph 129.

130.    With respect to the allegations contained in paragraph 130 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies all remaining allegations contained in paragraph 130.

131.    With respect to the allegations contained in paragraph 131 of Plaintiffs'
Complaint, Defendant GEO asserts that the available records speak for themselves, and
otherwise denies the allegations.

132.    With respect to the allegations contained in paragraph 132 of Plaintiffs'
Complaint, Defendant GEO admits that Progress Notes for December 2, 2017, include a
references to Samimi screaming that he could not breathe, that a rebreather was used but

Samimi pulled it off and went to sleep, and that an injection of Zofran was given. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 132.

133.    With respect to the allegations contained in paragraph 133 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 133.

134.    With respect to the allegations contained in paragraph 134 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

135.    With respect to the allegations contained in paragraph 135 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

136.    With respect to the allegations contained in paragraph 136 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

137.    With respect to the allegations contained in paragraph 137 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

138.    With respect to the allegations contained in paragraph 138 of Plaintiffs' Complaint, Defendant GEO admits that officers provide pass-on information to officers taking over shifts. Defendant GEO asserts that the available records speak for themselves,

and otherwise denies all remaining allegations contained in paragraph 138.

139. With respect to the allegations contained in paragraph 139 of Plaintiffs' Complaint, Defendant GEO admits that Samimi ate some breakfast on December 2, 2017. Defendant GEO asserts that the available records speak for themselves, and otherwise denies all remaining allegations contained in paragraph 139.

140. With respect to the allegations contained in paragraph 140 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

141. With respect to the allegations contained in paragraph 141 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

142. With respect to the allegations contained in paragraph 142 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

143. With respect to the allegations contained in paragraph 143 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

144. With respect to the allegations contained in paragraph 144 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

145. With respect to the allegations contained in paragraph 145 of Plaintiffs'

Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

146.    With respect to the allegations contained in paragraph 146 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

147.    With respect to the allegations contained in paragraph 147 of Plaintiffs' Complaint, Defendant GEO admits that a lieutenant responded to Samimi's cell in medical on December 2, 2017. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

148.    With respect to the allegations contained in paragraph 148 of Plaintiffs' Complaint, Defendant GEO admits that 911 was called on December 2, 2017, shortly after 11:00 a.m. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

149.    With respect to the allegations contained in paragraph 149 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

150.    With respect to the allegations contained in paragraph 150 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

151.    With respect to the allegations contained in paragraph 151 of Plaintiffs' Complaint, Defendant GEO admits that a lieutenant responded to Samimi's cell in medical

on December 2, 2017. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

152.    With respect to the allegations contained in paragraph 152 of Plaintiffs' Complaint, Defendant GEO admits that paramedics arrived at ACDF shortly after the 911 call was placed and began medical assistance. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

153.    With respect to the allegations contained in paragraph 153 of Plaintiffs' Complaint, Defendant GEO admits that paramedics transported Samimi out of ACDF shortly after 11:30 a.m. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

154.    With respect to the allegations contained in paragraph 154 of Plaintiffs' Complaint, Defendant GEO admits that the ambulance arrived at the Anschutz Medical Campus in Aurora close to 11:45 a.m. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

155.    With respect to the allegations contained in paragraph 155 of Plaintiffs' Complaint, Defendant GEO admits that Samimi was pronounced dead subsequent to his arrival at the Aschutz Medical Campus in Aurora. Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

156.    With respect to the allegations contained in paragraph 156 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

157.    With respect to the allegations contained in paragraph 157 of Plaintiffs' Complaint, Defendant GEO admits that the Office of the Coroner for Adams and Broomfield Counties issued an opinion noting that the cause of death was "undetermined." Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

158.    Defendant GEO denies the allegations contained in paragraph 158 of Plaintiffs' Complaint.

159.    With respect to the allegations contained in paragraph 159 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

160.    With respect to the allegations contained in paragraph 160 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

161.    With respect to the allegations contained in paragraph 161 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

162.    With respect to the allegations contained in paragraph 162 of Plaintiffs' Complaint, Defendant GEO admits that a Multi-Level Mortality Review was conducted. Defendant GEO asserts that such review speaks for itself and otherwise denies the allegations.

163.    With respect to the allegations contained in paragraph 163 of Plaintiffs'

Complaint, Defendant GEO admits that a Multi-Level Mortality Review was conducted. Defendant GEO asserts that such review speaks for itself and otherwise denies the allegations.

164-173.    With respect to the allegations contained in paragraphs 164 to 173 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations appear to summarize in a limited fashion various portions of interviews with staff members pursuant to the ICE Review. Defendant GEO lacks sufficient information with which to admit or deny such allegations and therefore can only respond that any available records speak for themselves and otherwise denies all allegations contained in paragraphs 164 through 173.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Rehabilitation Act - 29 U.S.C. § 794)**
**Against Defendant GEO**

174.    Defendant GEO adopts its responses to the allegations contained in paragraphs 1 through 173 of Plaintiffs' Complaint as though fully set forth herein.

175.    Defendant GEO asserts that the allegations contained in paragraph 175 of Plaintiffs' Complaint contain statements of law to which no response is required. To the extent a response is required, Defendant GEO asserts that section 504 of the Rehabilitation Act speaks for itself and otherwise denies the allegations contained in paragraph 175.

176.    With respect to the allegations contained in paragraph 176 of Plaintiffs' Complaint, Defendant GEO admits that it operates ACDF pursuant to a contract with the federal government. Defendant GEO otherwise denies all remaining allegations contained

in paragraph 176.

177.    Defendant GEO asserts that the allegations contained in paragraph 177 of Plaintiffs' Complaint contain statements of law to which no response is required. To the extent a response is required, Defendant GEO asserts that the subject document speaks for itself and otherwise denies the allegations contained in paragraph 177.

178.    Defendant GEO asserts that the allegations contained in paragraph 178 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant GEO denies such allegations.

179.    Defendant GEO is without knowledge as to the allegations contained in paragraph 179 of Plaintiffs' Complaint and therefore denies the same.

180.    Defendant GEO denies the allegations contained in paragraph 180 of Plaintiffs' Complaint.

181.    Defendant GEO denies the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182.    Defendant GEO denies the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183.    Defendant GEO denies the allegations contained in paragraph 183 of Plaintiffs' Complaint.

184.    With respect to the allegations contained in paragraph 184 of Plaintiffs' Complaint, Defendant GEO admits that it provides for medical treatment for detainees. Defendant GEO otherwise denies all remaining allegations contained in paragraph 184.

185. With respect to the allegations contained in paragraph 185 of Plaintiffs' Complaint, Defendant GEO admits that it provides for medical treatment, including medications, for detainees. Defendant GEO otherwise denies all remaining allegations contained in paragraph 185.

186. Defendant GEO denies the allegations contained in paragraph 186 of Plaintiffs' Complaint.

187. Defendant GEO denies the allegations contained in paragraph 187 of Plaintiffs' Complaint.

188. Defendant GEO denies the allegations contained in paragraph 188 of Plaintiffs' Complaint.

189. Defendant GEO denies the allegations contained in paragraph 189 of Plaintiffs' Complaint.

190. Defendant GEO denies the allegations contained in paragraph 190 of Plaintiffs' Compliant.

191. Defendant GEO denies the allegations contained in paragraph 191 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
### (Negligent Hiring, supervision, and Training)
### Against Defendant GEO

192. Defendant GEO adopts its responses to the allegations contained in paragraphs 1 through 191 of Plaintiffs' Complaint as though fully set forth herein.

193. With respect to the allegations contained in paragraph 193 of Plaintiffs'

Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 193.

194.    Defendant GEO denies the allegations contained in paragraph 194 of Plaintiffs' Complaint.

195.    Defendant GEO denies the allegations contained in paragraph 195 of Plaintiffs' Complaint.

196.    With respect to the allegations contained in paragraph 196 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 196.

197.    Defendant GEO denies the allegations contained in paragraph 197 of Plaintiffs' Complaint.

198.    Defendant GEO denies the allegations contained in paragraph 198 of Plaintiffs' Complaint.

199.    Defendant GEO denies the allegations contained in paragraph 199 of Plaintiffs' Complaint.

200.     Defendant GEO denies the allegations contained in paragraph 200 of Plaintiffs' Complaint.

201.     With respect to the allegations contained in paragraph 201 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 201.

202.     With respect to the allegations contained in paragraph 202 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions and/or expert opinions, which do not require a response. To the extent a response is required, Defendant GEO denies such allegations.

203.     With respect to the allegations contained in paragraph 203 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions and/or expert opinions, which do not require a response. To the extent a response is required, Defendant GEO denies such allegations.

204.     Defendant GEO denies the allegations contained in paragraph 204 of Plaintiffs' Complaint.

205.     Defendant GEO denies the allegations contained in paragraph 205 of Plaintiffs' Complaint.

206.     With respect to the allegations contained in paragraph 206 of Plaintiffs'

Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

207. Defendant GEO denies the allegations contained in paragraph 207 of Plaintiffs' Complaint.

208. Defendant GEO denies the allegations contained in paragraph 208 of Plaintiffs' Complaint.

209. Defendant GEO denies the allegations contained in paragraph 209 of Plaintiffs' Complaint.

210. Defendant GEO denies the allegations contained in paragraph 210 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
### (Negligence)
### Against Defendant GEO

211. Defendant GEO adopts its responses to the allegations contained in paragraphs 1 through 210 of Plaintiffs' Complaint as though fully set forth herein.

212. Defendant GEO denies the allegations contained in paragraph 212 of Plaintiffs' Complaint.

213. Defendant GEO denies the allegations contained in paragraph 213 of Plaintiffs' Complaint.

214. Defendant GEO denies the allegations contained in paragraph 214 of Plaintiffs' Complaint.

215. Defendant GEO denies the allegations contained in paragraph 215 of Plaintiffs' Complaint.

216. Defendant GEO denies the allegations contained in paragraph 216 of Plaintiffs' Complaint.

217. Defendant GEO denies the allegations contained in paragraph 217 of Plaintiffs' Complaint.

218. Defendant GEO denies the allegations contained in paragraph 218 of Plaintiffs' Complaint.

219. Defendant GEO denies the allegations contained in paragraph 219 of Plaintiffs' Complaint.

220. Defendant GEO denies the allegations contained in paragraph 220 of Plaintiffs' Complaint.

221. With respect to the allegations contained in paragraph 221 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 221.

222. Defendant GEO denies the allegations contained in paragraph 222 of Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
### (Reckless Disregard of Safety)
### Against Defendant GEO

223. Defendant GEO adopts its responses to the allegations contained in paragraphs 1 through 222 of Plaintiffs' Complaint as though fully set forth herein.

224.    With respect to the allegations contained in paragraph 224 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 224.

225.    Defendant GEO denies the allegations contained in paragraph 225 of Plaintiffs' Complaint.

226.    Defendant GEO denies the allegations contained in paragraph 226 of Plaintiffs' Complaint.

227.    Defendant GEO denies the allegations contained in paragraph 227 of Plaintiffs' Complaint.

228.    Defendant GEO denies the allegations contained in paragraph 228 of Plaintiffs' Complaint.

229.    Defendant GEO denies the allegations contained in paragraph 229 of Plaintiffs' Complaint.

230.    Defendant GEO denies the allegations contained in paragraph 230 of Plaintiffs' Complaint.

231.    With respect to the allegations contained in paragraph 231 of Plaintiffs' Complaint, Defendant GEO asserts that the available records speak for themselves and otherwise denies the allegations.

232. Defendant GEO denies the allegations contained in paragraph 232 of Plaintiffs' Complaint.

233. Defendant GEO denies the allegations contained in paragraph 233 of Plaintiffs' Complaint.

234. Defendant GEO denies the allegations contained in paragraph 234 of Plaintiffs' Complaint.

235. Defendant GEO denies the allegations contained in paragraph 235 of Plaintiffs' Complaint.

236. Defendant GEO denies the allegations contained in paragraph 236 of Plaintiffs' Complaint.

237. With respect to the allegations contained in paragraph 237 of Plaintiffs' Complaint, Defendant GEO asserts that such allegations contain legal conclusions, which do not require a response. To the extent a response is required, Defendant GEO admits only to duties imposed on it by law but denies that Plaintiffs have correctly stated those duties and denies acting inconsistently with such duties. Defendant GEO otherwise denies all remaining allegations contained in paragraph 237.

238. Defendant GEO denies the allegations contained in paragraph 238 of Plaintiffs' Complaint.

239. Defendant GEO denies the allegations contained in paragraph 239 of Plaintiffs' Complaint.

**<u>FIFTH CLAIM FOR RELIEF</u>**
**(Medical Malpractice)**
**Against Defendant Dr. Peterson**

240.     The allegations contained in paragraph 240 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

241.     The allegations contained in paragraph 241 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

242.     The allegations contained in paragraph 242 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

243.     The allegations contained in paragraph 243 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

244.     The allegations contained in paragraph 244 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

245.     The allegations contained in paragraph 245 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

246.     The allegations contained in paragraph 246 of Plaintiffs' Complaint are

asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

247. The allegations contained in paragraph 247 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

248. The allegations contained in paragraph 248 of Plaintiffs' Complaint are asserted against Defendant Peterson and a response is not required from Defendant GEO. To the extent a response is required, Defendant GEO denies the allegations.

### SIXTH CLAIM FOR RELIEF
**(Wrongful Death)**
**Against All Defendants**

249. Defendant GEO adopts its responses to the allegations contained in paragraphs 1 through 248 of Plaintiffs' Complaint as though fully set forth herein.

250. Defendant GEO denies the allegations contained in paragraph 250 of Plaintiffs' Complaint.

251. Defendant GEO denies the allegations contained in paragraph 251 of Plaintiffs' Complaint.

### DEFENSES

1. Defendant GEO alleges that Plaintiffs have failed to state a claim against it for which relief can be granted.

2. Defendant GEO alleges that the sole proximate cause of the injuries and/or damages alleged were due to the negligence, intentional conduct, fault, and/or failure to

follow medical advice of Samimi or that his negligence, intentional conduct, fault, and/or failure to follow medical advice contributed to the same. On a comparative basis, the negligence and/or fault of Samimi outweighs that of Defendant GEO, whose negligence and/or fault is specifically denied.

3. Defendant GEO alleges that Plaintiffs' injuries and damages, if any, were proximately caused by the conduct and/or fault of third-parties over whom Defendant GEO had neither actual control nor right of control.

4. Defendant GEO alleges that Plaintiffs may not be the real parties in interest with respect to their claims.

5. Defendant GEO alleges that Plaintiffs may lack standing to bring their claims.

6. Defendant GEO alleges that Plaintiffs may have failed to reasonably mitigate their alleged damages.

7. Defendant GEO alleges that Plaintiffs' damages, if any, are not to the extent and nature alleged.

8. Defendant GEO alleges that it is entitled to the provisions of the Colorado Health Care Availability Act, C.R.S. § 13-64-101 *et seq*.

9. Defendant GEO alleges that Plaintiffs' claims are barred or limited by the corporate practice of medicine doctrine.

10. Defendant GEO alleges that Plaintiffs' damages, if any, may be the result of pre-existing medical conditions and/or not caused or aggravated by the actions or omissions of Defendant GEO.

11.     Defendant GEO alleges that Plaintiffs' claims are barred or limited by C.R.S. § 13-20-602.

12.     Defendant GEO alleges that Plaintiffs' claims are barred or limited by the provisions of 29 U.S.C. § 1974(a) and case law interpreting the same.

13.     Defendant GEO alleges that it does not receive federal financial assistance within the meaning of the Rehabilitation Act and therefore is not covered by the Rehabilitation Act.

14.     Defendant GEO alleges that Samimi was not a qualified individual with a disability and was not excluded from participation in or denied the benefits or any program or activity at ACDF.

15.     Defendant GEO alleges that Plaintiffs' claims for non-economic damages are barred or limited by the provisions of C.R.S. § 13-21-102.5.

16.     Defendant GEO alleges that Plaintiffs' claims are barred or limited by the provisions of C.R.S. § 13-64-302.

17.     Defendant GEO alleges that Plaintiffs' claims for damages are subject to reduction based on compensation from another source and/or a collateral source pursuant to C.R.S. § 13-21-111.6.

18.     Defendant GEO alleges that Plaintiff's claims are subject to reduction under the doctrine of set-off.

19.     Defendant GEO hereby adopts by reference any and all defenses pled by other Defendants in this action.

20.    Defendant GEO reserves the right to add or delete any defenses as determined appropriate through discovery.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant GEO requests that Plaintiffs' claims against it be dismissed, with prejudice, and that it be awarded costs of defense, attorneys fees, and any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant GEO requests trial to a jury on all issues herein.

Respectfully submitted,

Date:  December 23, 2019          s/ Ann B. Smith_____
                                  Ann B. Smith
                                     VAUGHAN & DeMURO
                                     111 South Tejon, Suite 545
                                     Colorado Springs, CO 80903
                                     (719) 578-5500 (phone)
                                     (719) 578-5504 (fax)
                                     asmith@vaughandemuro.com (e-mail)
                                  ATTORNEY FOR DEFENDANT GEO GROUP,
                                  INC.

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Matthew C. Baisley**
mbaisley@bakerlaw.com

**Michelle R. Gomez**
mgomez@bakerlaw.com

**Mark Silverstein**
msilverstein@aclu-co.org

**Sara R. Neel**
sneel@aclu-co.org

**Arielle Herzberg**
aherzberg@aclu-co.org

**Craig A. Sargent**
sargentc@hallevans.com

**Christina S. Gunn**
gunnc@hallevans.com

**Jared R. Ellis**
ellisj@hallevans.com

s/ Ann B. Smith
Ann B. Smith
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
asmith@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANT GEO GROUP, INC.