IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

NEDA SAMIMI-GOMEZ, individually and as personal representative of the Estate of Kamyar Samimi; and

NEGEEN SAMIMI; and

ANTHONY SAMIMI,

    Plaintiffs,

v.

THE GEO GROUP, INC.; and
JEFFREY ELAM PETERSON, M.D.,

    Defendants.

Case No. 19-cv-03200-RM-SKC

---

# [PROPOSED] SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is set for January 27, 2020 at 10:00 AM.

| For the Plaintiffs | Defendants |
|---|---|
| Paul Karlsgodt<br>Marc D. Flink<br>Matthew C. Baisley<br>Michelle R. Gomez<br>Sean B. Solis<br>Baker & Hostetler LLP<br>Denver, Colorado 80202<br>1801 California Street, Suite 4400<br>Telephone (303) 861-0600<br>E-mail: pkarsgodt@bakerlaw.com | For Defendant GEO:<br>Ann B. Smith<br>Vaughan & DeMuro<br>111 South Tejon Street, Suite 545<br>Colorado Springs, CO 80903<br>Telephone: 719-578-5500<br>E-mail: vnd@vaughandemuro.com<br>Direct e-mail: asmith@vaughandemuro.com |

| | |
|---|---|
| mflink@bakerlaw.com<br>mbaisley@bakerlaw.com<br>mgomez@bakerlaw.com<br>ssolis@bakerlaw.com<br><br>*In cooperation with the ACLU Foundation of Colorado*<br><br>Mark Silverstein<br>Sara R. Neel<br>Arielle Herzberg<br>ACLU Foundation of Colorado<br>303 East 17th Avenue, Suite 350<br>Denver, Colorado 80203<br>Tel: 720-402-3107<br>Fax: 303.777.1773<br>Email: msilverstein@aclu-co.org<br>sneel@aclu-co.org<br>aherzberg@aclu-co.org | For Defendant Jeffrey Elam Peterson, M.D.<br><br>Craig A. Sargent, Esq.<br>Jared R. Ellis, Esq.<br>Hall & Evans, LLC<br>1001 Seventeenth Street, Suite 300<br>Denver, Colorado 80202<br>Telephone: (303) 628-3300<br>Email:<br>sargentc@hallevans.com<br>ellisj@hallevans.com |

## 2. STATEMENT OF JURISDICTION

Plaintiffs assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1367 because this action arises under the laws of the United States, including the Rehabilitation Act, 29 U.S.C. § 794, and because the related state law claims in this action are within this Court's original jurisdiction in that they form part of the same case or controversy.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

This case concerns the wrongful and unnecessary death of Kamyar Samimi ("Mr. Samimi") resulting from his extreme and negligent treatment at the hands of Defendants The Geo Group, Inc. ("GEO") and Jeffrey Elam Peterson, M.D. ("Dr. Peterson") (together, the "Defendants"). Defendants ignored open and obvious signs of severe and deadly Opioid Use Disorder ("OUD"), cut Mr. Samimi off from medically necessary methadone treatment "cold turkey," and allowed Mr. Samimi

4837-6011-5888.4

to die suffering. Defendants extreme, wrongful, and negligent conduct directly resulted in Mr. Samimi's suffering and death, and Defendants are liable for all damages resulting therefrom.

  b.  Defendant(s):

Defendant GEO: Defendant GEO generally denies the allegations and claims asserted against it by Plaintiffs. Defendant GEO otherwise adopts all denials, assertions, defenses and affirmative defenses set forth in its Answer as though fully set forth herein.

Defendant GEO asserts that, at the time he arrived at GEO's Aurora Detention Facility, Mr. Samimi was appropriately screened, classified, and housed, and placed on a withdrawal protocol pursuant to orders from Defendant Peterson. Defendant GEO further asserts that Mr. Samimi was continually monitored throughout his stay at the facility. Defendant GEO denies that any action or inaction taken by it or its staff caused Mr. Samimi's death.

Defendant GEO asserts that the medical department in the Facility is equipped and staffed with trained medical professionals and that the medical care offered and provided to Plaintiffs was within the appropriate standard of care.

Defendant GEO denies that it receives federal assistance sufficient for purposes of Plaintiffs' Rehabilitation Act claim, denies that Mr. Samimi was a qualified individual with a disability, and denies that Mr. Samimi was discriminated against on the basis of any such disability.

Defendant GEO disputes the causation, nature, and extent of Plaintiffs' claimed injuries and damages, asserts that any such damages are subject to limitations including, but not limited to, C.R.S. §§13-21-102.5, 13-21-203, and 13-64-302, and reserves the right to amend its defenses

Defendant Jeffrey Peterson, M.D.: Dr. Peterson states that his care and treatment was at all times reasonable, appropriate, and within the standard of care for physicians in the same or similar

circumstances. Dr. Peterson denies that his care was extreme, wrongful or negligent. He also denies that he ignored open and obvious signs of Opioid Use Disorder. Dr. Peterson denies that he caused or contributed to Plaintiffs' injuries or damages. Dr. Peterson did prescribe Mr. Samimi with anti-withdrawal medications to treat his withdrawal symptoms and reasonably relied upon the nursing staff at GEO to properly administer those medications. Based upon his observations and the information provided to him by nursing staff, Dr. Peterson reasonably believed that Mr. Samimi's condition was stable and that Mr. Samimi was not in distress. In addition, Dr. Peterson incorporates herein all defenses asserted in his Answer. Dr. Peterson reserves the right to amend is defenses as appropriate.

    c.    Other Parties:

None

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Mr. Samimi was taken into custody by Immigration and Customs Enforcement ("ICE") to the Aurora Contract Detention Facility ("ACDF") on November 17, 2017.

2. At all relevant times herein, the ACDF was operated by GEO, in part pursuant to contracts between GEO and ICE.

3. At all relevant times herein, Dr. Peterson was the medical director at ACDF.

4. Mr. Samimi was pronounced dead at the Anschutz Medical Campus on December 2, 2017.

## 5. COMPUTATION OF DAMAGES

Plaintiffs claim economic and other damages plus pre- and post-judgement interest. A more

precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000). Plaintiffs also claims attorney's fees and costs where allowable under state and federal law. Finally, under Colorado law, Plaintiffs' claim damages for pain and suffering and reserves their right to seek punitive damages.

Defendants:

Defendants deny that they caused any of the injuries, damages, or losses claimed in this case. They seek costs and fees allowable by law. Defendants expect that Plaintiffs will comply with Rule 26(a)(1)(A)(iii) and provide a computation and documentation of damages as part of their initial Rule 26 disclosures.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. January 6, 2020.

b. Names of each participant and party he/she represented.

Paul Karlsgodt, Matthew C. Baisley, Sean B. Solis, Sara R. Neel, and Arielle Herzberg for the Plaintiffs.

Ann B. Smith for GEO.

Jared R. Ellis for Dr. Peterson.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

4837-6011-5888.4

Rule 26(a)(1) disclosures will be made on or before January 27, 2020. Defendant GEO is required to have ICE approval prior to disclosing any documents related to this matter and anticipates this may result in some delay in providing initial disclosures.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

Where applicable, the parties will consider whether informal meetings with Mr. Samimi's health care providers are appropriate, either together or on an *ex parte* basis. If defendants' counsel believes they may meet *ex parte* with a treating healthcare provider, defendants' counsel shall notify Plaintiffs' counsel in writing, at least seven days prior to such meeting, stating their intention to meet with the provider. This communication is intended to provide Plaintiffs' counsel with notice of, and a reasonable opportunity to object to, the meeting. If Plaintiffs do not object within seven days, defendants' counsel may meet with the treating healthcare provider *ex parte* and without further notice. If Plaintiffs object to the meeting, Plaintiffs' counsel shall state the specific basis for the objection pursuant to *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007). If the Parties cannot agree whether an *ex parte* meeting is appropriate, the parties may ask the Court for guidance. Nothing about this paragraph should be interpreted to mean that Plaintiffs consent in advance to the necessity of any *ex parte* meeting between defendants, their counsel, and any health care providers.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel for the parties have agreed to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system.

    g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that they possess and/or will produce extensive electronically stored information.

    h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

During the Rule 26(f) conference, the parties discussed the possibilities for a prompt settlement, including early mediation. The parties are unable to evaluate the likelihood of settlement at this early stage of the case.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

            None.

    b.      Limitations which any party proposes on the length of depositions.

            None.

    c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

d.   Other Planning or Discovery Orders

The Parties anticipate filing a Stipulated Motion for Protective Order and will cooperate on the language of such proposed Protective Order.

### 9. CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings:

**Deadline for designation of non-parties at fault:** the deadline for designating any non-parties at fault under C.R.S. § 13-21-111.5 shall be February 10, 2020 (90 days from the commencement of the action).

**Deadline for joinder of parties and amendment of pleadings:** March 12, 2020.

b.   Discovery Cut-off:

September 21, 2020.

c.   Dispositive Motion Deadline:

October 21, 2020

d.   Expert Witness Disclosure

1.   The parties shall identify anticipated fields of expert testimony, if any.

The parties have not yet determined whether expert witnesses will be designated. At this time Plaintiffs anticipate using expert witnesses, including an expert regarding Opioid Use Disorder, but are not in a position to provide expert disclosures.

Defendants:

Defendant GEO anticipates retaining experts in the fields of corrections management, including correctional medicine, opioid use disorder and withdrawal, life

expectancy, and any experts necessary for rebuttal.

Defendant Dr. Peterson anticipates retaining experts in the field of family medicine, correctional medicine, internal medicine and/or toxicology, opioids and/or Opioid Use Disorder, life expectancy, economics, and any other area designated by Plaintiffs.

2. Limitations which the parties propose on the use or number of expert witnesses.

The parties propose limiting each party to one expert witness per issue. This limitation shall not apply to non-retained experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 21, 2020.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 21, 2020.

5. The parties agree that they shall obtain and produce to all other counsel the files of each of their retained expert witnesses within seven (7) days after each expert is disclosed.

Defendants further propose that the "file" includes, but is not limited to, all items not privileged or subject to work product protection, including e-mails, notes, billing information, telephone notes, correspondence, articles, medical literature which the expert reviewed or relied upon and medical literature which may or will be used at trial and is known at the time

of the deposition, sticky notes a/k/a post-it notes, billing information to include any computerized billing records, any type of time logs, and any notes regarding time spent, copies of any chronologies or summaries, any medical literature, text or articles supplied by counsel or referenced by the expert, and any materials, contracts, written agreements, bills, or other documentation regarding the expert's affiliation with any expert witness services, if applicable. The Defendants propose that any records which have been reviewed need not be produced unless they contain written notations or other markings made by the expert. The Defendants also propose to make a good faith effort to produce any medical records that contain highlights or are flagged/tabbed. These medical records shall be identified by list only unless the record is not one which has been made available to the parties, in which case it must be produced one week before the deposition. Any depositions which have been reviewed need not be produced unless they contain written notations, highlighting, or other markings made by the expert. These depositions shall be identified by list only. Rule 26(b)(4) protects certain materials from disclosure and discovery, and is incorporated here by reference.

The Defendants' proposals on this issue are intended to facilitate production of expert file materials that will inform the decision on whether a deposition of the expert will ultimately be necessary, and to avoid the expense associated with expert depositions that are unnecessary based upon the information in the expert's file. Nothing in this paragraph prohibits any expert witness from making additional notes or creating additional file materials between the time of production of the expert's file and the time of the expert's deposition, provided that any such notes or file materials are produced before the expert's deposition.

Plaintiffs do not see a need for Court-imposed obligations that go beyond the Federal

4837-6011-5888.4

Rules of Civil Procedure. Plaintiffs propose that the parties' exchange of expert disclosures, including expert files, shall be governed by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26, the rules and practice standards of this Court, and any applicable federal case law interpreting the same.

Plaintiffs propose that the parties' designation of expert testimony shall be governed by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26, the rules and practice standards of this Court, and any applicable federal case law interpreting the same.

6. The parties agree that no expert shall charge an opposing party an hourly fee exceeding $500 per hour. If a party retains an expert who charges a fee greater than $500 per hour, the retaining party is responsible for informing the expert of this provision and payment of any amount that exceeds $500 per hour. In the event an expert requires payment for a minimum number of hours for deposition or meeting, that minimum shall not exceed four hours. These limitations on expert fees shall not foreclose any party seeking recovery of any fees paid to a retained expert, including the difference between the fee charged to an opposing party and the actual hourly charge of the retained expert, as part of post-trial recovery of costs.

e. Identification of Persons to Be Deposed:

The parties have not yet exchanged discovery and therefore are not able to identify the particular persons to be deposed. Plaintiffs anticipate deposing, at minimum, Dr. Peterson, 1-2 30(b)(6) witnesses from GEO, the relevant GEO staff, Defendants' expert(s).

Defendants anticipate deposing the following persons:

Neda Samimi-Gomez – 6 hours

Negeen Samimi – 4 hours

Anthony Samimi – 4 hours

Any experts endorsed and designated by Plaintiffs or co-Defendant – 6 hours each

Treating physicians/Non-retained experts – 2 hours each. .

     f.     Deadline for Interrogatories:

Parties must serve interrogatories no later than the 35th day before the discovery cut-off date.

     g.     Deadline for Requests for Production of Documents and/or Admissions

Parties must serve requests for admissions and requests for production of documents no later than the 60th day before the discovery cut-off date.

**10. DATES FOR FURTHER CONFERENCES**

     a.     Status conferences will be held in this case at the following dates and times:_____

_____.

     b.     A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

     a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   The parties agree to work together to agree upon an appropriate protective order.

     b.     Anticipated length of trial and whether trial is to the court or jury.

This is a jury trial. Plaintiffs anticipate that a jury trial will take 5 days. Defendant anticipates that a jury trial will take 7 days.

4837-6011-5888.4

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may be altered or amend only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2020.

BY THE COURT:

_____
United States Magistrate Judge Kato Crews

APPROVED:

4837-6011-5888.4

| For the Plaintiffs | For Defendant GEO Group: |
|---|---|
| BAKER & HOSTETLER LLP | VAUGHAN & DeMURO |

For the Plaintiffs

BAKER & HOSTETLER LLP

By: *Matthew C. Baisley*
Matthew C. Baisley
Paul Karlsgodt
Marc D. Flink
Michelle R. Gomez
Sean B. Solis
Denver, Colorado 80202
1801 California Street, Suite 4400
Telephone (303) 861-0600
E-mail: pkarsgodt@bakerlaw.com
mflink@bakerlaw.com
mbaisley@bakerlaw.com
mgomez@bakerlaw.com
ssolis@bakerlaw.com

*In cooperation with the ACLU Foundation of Colorado*

Mark Silverstein
Sara R. Neel
Arielle Herzberg
ACLU Foundation of Colorado
303 East 17th Avenue, Suite 350
Denver, Colorado 80203
Tel: 720-402-3107
Fax: 303.777.1773
Email: msilverstein@aclu-co.org
sneel@aclu-co.org
aherzberg@aclu-co.org

For Defendant GEO Group:

VAUGHAN & DeMURO

By: *Ann B. Smith*
Ann B. Smith
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
Telephone: 719-578-5500
E-mail: vnd@vaughandemuro.com
Direct e-mail: asmith@vaughandemuro.com


For Defendant Jeffrey Elam Peterson, M.D.

HALL & EVANS, LLC

By: *Craig A. Sargent*
Craig A. Sargent, Esq.

Jared R. Ellis, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Email:
sargentc@hallevans.com
ellisj@hallevans.com